ROBERT H. ROTSTEIN (72452)
 rxr@msk.com
PATRICIA H. BENSON (60565)
 phb@msk.com
JEAN PIERRE NOGUES (84445)
 jpn@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiffs
CBS Broadcasting Inc., CBS Studios Inc., and
Survivor Productions, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CBS BROADCASTING INC., CBS STUDIOS INC., SURVIVOR PRODUCTIONS, LLC, | CASE NO. CV12-4551 DMG (JCGx) |
| Plaintiffs, | Hon. Dolly M. Gee |
| v. | **PROTECTIVE ORDER** |
| DISH NETWORK CORPORATION; DISH NETWORK L.L.C., | [Stipulated Protective Order filed concurrently herewith] |
| Defendants. | |

Mitchell
Silberberg &
Knupp LLP

4750157.2

1

1    WHEREAS, the Court has reviewed the parties' Stipulated Protective Order
2    dated July 25, 2012, and GOOD CAUSE appearing therefor,

3    IT IS HEREBY ORDERED THAT:

4    1.    As used in this Order, "Litigation Material(s)" includes: (a)
5    documents, exhibits, answers to interrogatories, responses to requests for
6    admissions, deposition testimony and transcriptions (including exhibits), and all
7    written, recorded, graphic or electronically-stored matters (and all identical and
8    non-identical copies thereof); (b) any copies, notes, abstracts or summaries of such
9    information, and the information itself; and (c) any pleading, affidavit, declaration,
10   brief, motion, transcript, including exhibits to any of these, or other writing
11   containing such information.

12   2.    Litigation Materials containing proprietary information, including
13   pricing, rates, customers/subscribers, company security matters, customer lists,
14   financial data and other non-public commercial, financial, research or technical
15   information, may be designated "Confidential" by any producing party or non-
16   party.  Litigation Materials containing trade secrets, special formulas, proprietary
17   software and/or computer programs, current or future marketing plans, current or
18   future business plans or strategies, current or future plans for products or services,
19   customer and subscriber data and information, agreements with third parties,
20   information regarding current or future business or financial transactions, internal
21   financial reports or plans, current or future pricing, rates or planning information,
22   financial data, production data, internal notes, memoranda, logs or other data, and
23   other highly sensitive non-public commercial, financial, research or technical
24   information that the producing party or non-party believes, in good faith, should be
25   afforded the highest level of confidentiality by the Court, may be designated
26   "Highly Confidential" by any producing party or non-party.

27   3.    All Litigation Materials provided (before or after entry of this Order)
28   in discovery in connection with the above-captioned litigation ("this litigation"),

Mitchell
Silberberg &
Knupp LLP

4750157.2

2

**PROTECTIVE ORDER**

and the contents thereof: shall be used or disclosed by the parties, their counsel, or anyone else provided with Litigation Materials pursuant to the terms of this order, solely for the purpose of the prosecution or defense of this litigation and or the related cases pending in this district (Case Nos. 12-cv-04536 and 12-cv-4529) and the Southern District of New York (12-cv-4155) , including preparing for and conducting pre-trial, trial and post-trial proceedings in this litigation, and for no other purpose; shall not be used or disclosed for any business, commercial or competitive purpose; and shall not be used or disclosed in connection with any other litigation or proceeding.  In addition, Litigation Materials designated "Confidential" or "Highly Confidential," and the contents thereof, shall not be disclosed other than as provided by the terms of this Order.

4.      Any Litigation Materials that the producing party or non-party has properly made available to the general public prior to their production in this litigation or during the course of this litigation shall not be designated "Confidential" or "Highly Confidential."

5.      Nothing in this Order affects the right of the party or non-party that produced Litigation Materials to use or disclose any Litigation Materials, or the contents thereof, in any way.

6.      (a) (i) Any party or non-party may designate Litigation Materials, or portions thereof, which are considered confidential or highly confidential by marking them "Confidential" or "Highly Confidential."  In order to provide the parties adequate opportunity to designate Litigation Materials as "Confidential" or "Highly Confidential," all Litigation Materials produced in this case shall be deemed "Highly Confidential," whether or not stamped with that legend, for a period of fifteen (15) business days following production, unless the Litigation Materials are within the scope of paragraph 4 of this Order.

(ii)      The failure to designate Litigation Materials as "Confidential" or "Highly Confidential" within that fifteen (15) business day period shall not waive a

Mitchell
Silberberg &
Knupp LLP

4750157.2

**PROTECTIVE ORDER**

1   party's or non-party's right to later designate such Litigation Materials as

2   "Confidential" or "Highly Confidential" with prospective effect.  If Litigation

3   Materials claimed to be "Confidential" or "Highly Confidential" are produced

4   without that designation, such Litigation Materials and all copies thereof shall

5   within five (5) days of any written notice requesting their return, be returned to the

6   designating person for such designation, destroyed, or stamped "Confidential" or

7   "Highly Confidential," as requested by the designating person.  The receiving party

8   may challenge the designation of the documents as provided in this Order, but the

9   inadvertent production of Litigation Materials (including, without limitation,

10  testimony) claimed to be "Confidential" or "Highly Confidential" without the

11  designation shall not constitute a waiver of confidentiality.

12          (b)     For deposition testimony, counsel may invoke the protections of this

13  Order by stating on the record during the deposition that testimony given at the

14  deposition is designated "Confidential" or "Highly Confidential," or by

15  designating the deposition transcript or portions thereof as "Confidential" or

16  "Highly Confidential" within fifteen (15) business days after that counsel has

17  received the final deposition transcript from opposing counsel.  All information

18  disclosed during a deposition shall be deemed "Highly Confidential" until the

19  expiration of such fifteen (15) business day period as to counsel for all parties,

20  whether or not any portion of the transcript has been so designated previously and

21  thereafter shall remain "Confidential" or "Highly Confidential," as applicable, if so

22  designated.  No person shall be present during any portion of any deposition

23  designated at the deposition as "Confidential" or "Highly Confidential" or any

24  portion of any deposition wherein "Confidential" or "Highly Confidential"

25  Litigation Materials are disclosed, unless that person is an authorized recipient of

26  Litigation Materials containing such confidential or highly confidential

27  information under the terms of this Order.

28

7.      The party or non-party designating any Litigation Materials as "Confidential" or "Highly Confidential" shall, in the first instance, determine in good faith whether it constitutes "Confidential" or "Highly Confidential" information covered by this Order.  Another party may object in good faith to such "Confidential" or "Highly Confidential" designation.  The objecting party and the other person(s) involved shall follow the provisions of Local Rule 37-1, et seq. of the Central District of California in (a) their attempt to informally resolve their designation dispute and (b) any motion practice before this Court should such dispute not be resolved informally.   Any Litigation Materials, the designation of which are subject to such dispute, shall be treated as designated pending further order of the Court.  The person asserting the confidentiality of any such Litigation Materials shall bear the burden of establishing that the Litigation Materials are entitled to be classified as designated.

8.      If any Litigation Materials designated "Confidential" or "Highly Confidential" pursuant to this Order are used during the course of a deposition, the portion of the deposition record reflecting such "Confidential" or "Highly Confidential" information shall be designated as "Confidential" or "Highly Confidential," and access thereto shall be limited pursuant to the terms of this Order.

9.      Litigation Materials designated or treated as "Confidential," copies or extracts therefrom and the information contained therein, may be disclosed, given, shown, made available, or communicated to only the following (and then only for purposes of the prosecution, defense or appeal of this litigation):

            a.      employees of the parties provided that they are deposition or trial witnesses or are otherwise actively involved in the prosecution, defense or appeal of this litigation and have executed the attached Schedule A;

**PROTECTIVE ORDER**

Mitchell
Silberberg &
Knupp LLP

4750157.2

b.     outside counsel retained by the parties to assist in the prosecution, defense or appeal of this litigation, including employees of such counsel's firms, and any companies, independent contractors or other litigation support service personnel with whom such counsel works in connection with this litigation;

c.     in-house counsel for the parties (and their paralegal, clerical and/or secretarial assistants) who are actively involved in the prosecution, defense or appeal of this litigation;

d.     consultants and/or experts retained by counsel or a party in connection with this litigation to whom it is necessary that "Confidential" Litigation Materials be shown for the sole purpose of assisting in, or consulting with respect to, this litigation, and only upon their agreement to be bound by this Protective Order evidenced by execution of the attached Schedule A;

e.     any person expressly identified in any "Confidential" Litigation Materials as an author, a recipient, or having knowledge of the "Confidential" Litigation Materials, and any person for whom a reasonable foundation may be laid that he or she is an author, a recipient, or has knowledge of the "Confidential" Litigation Materials;

f.     any person employed by the party that produced the "Confidential" Litigation Materials;

g.     the Court in this litigation, and any members of its staff to whom it is necessary to disclose Confidential Litigation Materials for the purpose of assisting the Court in this litigation.

h.    stenographers, videographers and court reporters recording or transcribing testimony relating to this litigation and who have executed the attached Schedule A;

i.    other persons only upon written consent of the producing person (which agreement may be recorded in a deposition or other transcript) or upon order of the Court after affording the producing person due notice and an opportunity to be heard.

10.    Litigation Materials designated or treated as "Highly Confidential," copies or extracts therefrom and the information contained therein, shall be treated as "Attorneys' Eyes Only" and may be disclosed, given, shown, made available, or communicated to only the following (and then only for purposes of the prosecution, defense or appeal of this litigation):

a.    outside counsel retained by the parties to assist in the prosecution, defense or appeal of this litigation, including employees of such counsel's firms, and any companies, independent contractors or other litigation support service personnel with whom such counsel works in connection with this litigation;

b.    up to four (4) in house counsel who are actively involved in the prosecution, defense or appeal of this litigation and have executed the attached Schedule A, but who are not involved in any business negotiations regarding programming, affiliation, content licensing or retransmission agreements;

c.    consultants and/or experts retained by counsel or a party in connection with this litigation to whom it is necessary that "Highly Confidential" Litigation materials be shown for the sole purpose of assisting in, or consulting with respect to, this litigation, and only upon their agreement to be bound by this

**PROTECTIVE ORDER**

Mitchell Silberberg & Knupp LLP

4750157.2

Protective Order evidenced by execution of the attached Schedule A;

    d.    any person expressly identified in any "Highly Confidential" Litigation Materials as an author, a recipient, or having knowledge of the "Highly Confidential" Litigation Materials, and any person for whom a reasonable foundation may be laid that he or she is an author, a recipient, or has knowledge of the "Highly Confidential" Litigation Materials;

    e.    any person employed by the party that produced the "Highly Confidential" Litigation Materials;

    f.    the Court, and any members of its staff to whom it is necessary to disclose "Highly Confidential" Litigation Materials for the purpose of assisting the Court in this litigation;

    g.    stenographers, videographers and court reporters recording or transcribing testimony relating to this litigation who have executed the attached Schedule A;

    h.    other persons only upon written consent of the producing person (which agreement may be recorded in a deposition or other transcript) or upon order of the Court after affording the producing person due notice and an opportunity to be heard.

11.    <u>Source Code</u>.  Each party may designate documents, information, or things as "Highly Confidential Source Code Information," which means Source Code, as that term is defined below, which is to be protected in the same manner as what is set forth in this Order, subject to additional protections provided below.

    A.    Source Code means human-readable programming language text that defines software, firmware, or electronic hardware descriptions and/or instructions (hereinafter referred to as "Source Code").  Source Code includes, without limitation, computer code, scripts, assembly, object code, Source Code

Mitchell Silberberg & Knupp LLP

4750157.2

**PROTECTIVE ORDER**

listings and descriptions of Source Code, object code listings and descriptions of object code, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software.  Source Code documents at least include (1) printed documents that contain or refer to selected Source Code, components ("printed Source Code"); (2) electronic communications and descriptive documents, such as emails, design documents and programming examples, which contain or refer to selected Source Code components ("described Source Code"); (3) electronic Source Code documents that reside in a Source Code repository from which software and related data files may be compiled, assembled, linked, executed, debugged and/or tested ("Source Code files"); and (4) transcripts, reports, video, audio, or other media that include, quote, cite, describe, or otherwise refer to Source Code, Source Code files, and/or the development thereof. Source Code files include, but are not limited to documents containing Source Code in "C", "C++", Java, Java scripting languages, assembler languages, command languages and shell languages.  Source Code files may further include "header files," "make" files, project files, link files, and other human-readable text files used in the generation, compilation, translation, and/or building of executable software, including software intended for execution by an interpreter.  The definitions of "Source Code," "printed Source Code," "described Source Code" and "Source Code files" do not include documents or information that merely describe the functionality of a device, service or feature (e.g., the Hopper, PrimeTime Anytime, Auto Hop or Sling Adapter).  However, these definitions are meant to include documents or information that reveal how Source Code effectuates or accomplishes the functionality of a device, service, or feature.

B. Documents and things produced during the course of this litigation designated as "Highly Confidential Source Code Information" shall be protected in accordance with the "Highly Confidential" designation provided in this Order, and are also subject to the additional protections in this paragraph 11.

Mitchell
Silberberg &
Knupp LLP

4750157.2

**PROTECTIVE ORDER**

1  Nothing in this Order shall obligate the parties to produce any Source Code nor act

2  as an admission that any particular Source Code is discoverable.

3      C.      The producing party may redact any Source Code that may be

4  contained in a document with a mix of other information and may then produce the

5  redacted document in the same manner as any other document covered by this

6  Protective Order.

7      D.      The producing party shall produce Source Code files by making

8  them available electronically on a stand-alone, non-networked computer without

9  Internet access provided by the producing party ("the Source Code Computer").

10 The Source Code Computer provided by the producing party shall run a reasonably

11 current version of a mutually agreed upon operating system such as Apple OS X,

12 Microsoft Windows or Linux.  Source Code files must be produced as they are

13 stored in the ordinary course of business.  The Source Code Computer shall be

14 produced, stored, and secured at the Los Angeles offices of the producing party's

15 outside counsel or such other appropriately secure facility as is mutually agreed

16 upon by the parties (termed "the designated facility").

17     E.      Such materials shall be made available for inspection only by

18 the following persons to whom disclosure is authorized pursuant to this Protective

19 Order:

20          i.      Approved experts and consultants for the receiving party

21 who have executed the attached Schedule A;

22          ii.      Approved outside counsel for the receiving party who

23 have executed the attached Schedule A;

24     The names and curriculum vitae of any experts, consultants and outside

25 counsel for the receiving party whom the receiving party seeks to designate to

26 inspect source code must be provided to the producing party at least four business

27 days prior to the time of inspection by such individual (for expedited discovery,

28 this shall be two business days).  The producing party shall have three business

days to object to inspection of source code by a particular individual (for expedited discovery, this shall be one business day).  Such objection must be for good cause, stating with particularity the reasons for the objection, and must be in writing. Failure to object within three business days shall constitute approval (for expedited discovery, this shall be one business day).  If the parties are unable to resolve objections, application may be made to the Court to resolve the matter.  No more than a total of 10 individuals identified by the receiving party shall have access to the Source Code Computer.

F.     Source Code shall be made available for inspection and, if necessary, production with the following additional protections:

i.     The producing party shall produce Source Code files as they are stored in the ordinary course of business and shall deliver one copy of the Source Code files to the designated facility for review on the Source Code Computer.  For sake of clarity, the producing party may provide the Source Code files in read-only form.  To the extent a party considers production of specifically identified Source Code files in executable form  necessary, the parties shall meet and confer.

ii.     The Source Code Computer shall be made available from 9 a.m. to 6 p.m. local time, Monday through Friday (excluding federal holidays) on the business days for which a reasonable request for inspection has been made. The receiving party must provide at least one week's notice (two business days for expedited discovery) to the producing party prior to reviewing the Source Code Computer for the first time and one business day's notice before reviewing the Source Code Computer on any non-consecutive business day thereafter.

iii.     Proper identification of all approved individuals shall be provided prior to any access to the secure room at the designated facility or the Source Code Computer.  Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United

1  States, by the government of the United States, or by the nation state of the

2  authorized person's current citizenship.

3              iv.    The producing party shall install tools that are sufficient

4  for viewing and searching the code produced, on the platform produced, if such

5  tools exist and are presently used in the ordinary course of the producing party's

6  business.  The receiving party  may request that commercially available software

7  tools for viewing and searching Source Code be installed on the Source Code

8  Computer, provided, however, that such other software tools are reasonably

9  necessary for the receiving party to perform its review of the Source Code

10  consistent with all of the protections herein.  Specific tools may include, but are

11  not limited to multi-file text search tools such as "grep", dtSearch, Understand for

12  Java, Understand for C, Visual Slick Edit, Source-Navigator, PowerGrep and

13  ExamDiffPro or similar programs.  Where executable Source Code is installed on

14  the Source Code Computer, the receiving party shall be entitled to install and use

15  appropriate compilers, debuggers and text editors so long as the receiving party

16  agrees that no edits may be performed on the Highly Confidential Source Code

17  Information.  The receiving party must provide the producing party with the CD or

18  DVD containing such licensed software tool(s) at least ten (10) days in advance of

19  the date upon which the receiving party wishes to have the additional software

20  tools available for use on the Source Code Computer (four business days for

21  expedited discovery).

22              v.    The producing party shall make available a laser printer

23  with commercially reasonable printing speeds for on-site printing during inspection

24  of the Source Code.  Source Code may only be printed on watermarked pre-Bates

25  numbered paper, which shall be provided by the producing party.  Upon printing

26  any such portions of Source Code, the printed pages shall be collected by the

27  producing party.  The producing party shall Bates number and label with "Highly

28  Confidential Source Code Information" any pages printed by the receiving party

Mitchell
Silberberg &
Knupp LLP

4750157.2

**PROTECTIVE ORDER**

1  and deliver them to the receiving party or object within three business days of their

2  receipt.

3        vi.    The receiving party may print portions of the Source

4  Code only when reasonably necessary to prepare court filings or pleadings or other

5  papers (including a testifying expert's expert report or for use as deposition

6  exhibits).  The receiving party shall not print Source Code in order to review

7  blocks of Source Code elsewhere in the first instance, i.e., as an alternative to

8  reviewing that Source Code electronically on the Source Code Computers.  Printed

9  portions that exceed 50 continuous pages or 10% or more of a specific software

10  release (operating systems and applications) shall be presumed excessive and not

11  done for a permitted purpose.  If, after meeting and conferring, the producing party

12  and the receiving party cannot resolve the objection, the producing party shall be

13  entitled to seek a resolution from the Court of whether the printed Source Code in

14  question is narrowly tailored and was printed for a permitted purpose.  The burden

15  shall be on the receiving party to demonstrate that such printed portions are no

16  more than is reasonably necessary for a permitted purpose and not merely printed

17  for the purposes of review and analysis elsewhere.

18        vii.    The printed pages shall constitute part of the Source

19  Code produced by the producing party in this action.  Only those consultants,

20  experts and outside attorneys who have been approved to inspect source code, and

21  who have executed the attached Schedule A, may have access to the printed pages.

22  Each consultant, expert, or outside attorney will record on a log every page of

23  Source Code that has been printed ("print logs").  Print logs should be secured in a

24  locked and secure room when not in use.

25        viii.   Any external storage media containing Source Code shall

26  be disconnected from and/or removed from its Source Code Computer and stored

27  in a locked room, safe or storage cabinet when it is not actually being accessed.

28

Mitchell
Silberberg &
Knupp LLP

4750157.2

**PROTECTIVE ORDER**

1    ix.    The Source Code Computer and the safe or storage

2    cabinet must be kept in a locked and secure room (the "Source Code Review

3    Room").

4    x.    No recordable media or recordable devices, including

5    without limitation sound recorders, computers, cellular telephones, PDAs,

6    peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be

7    permitted into the Source Code Review Room.  The receiving party's outside

8    counsel and/or experts shall be entitled to take notes relating to the Source Code

9    but may not copy the Source Code into the notes and may not take such notes

10   electronically on the Source Code Computer itself or any other computer.  No

11   copies of all or any portion of the Source Code may leave the room in which the

12   Source Code is inspected except as otherwise provided herein.  Further, no other

13   written or electronic record of the Source Code is permitted except as otherwise

14   provided herein.  A phone shall be made available in the secure room.

15   xi.    The producing party may monitor the activities of the

16   receiving party's representatives during any Source Code review, but only to

17   ensure that no unauthorized electronic records of the Source Code and that no

18   information concerning the Source Code are being created or transmitted in any

19   way.  Such monitor shall not remain in the Source Code Review Room and shall

20   not be able to listen to any activity taking place in the Source Code Review Room.

21   No video may be made of any activity taking place in the Source Code Review

22   Room, nor shall the monitor be permitted to report on any activities therein other

23   than as may relate to the above-referenced purpose of the monitoring.

24   xii.    Unless otherwise agreed in advance by the parties in

25   writing, at the conclusion of each day of Source Code inspection, the receiving

26   party shall remove all notes, documents and all other materials from the room that

27   may contain work product and/or attorney-client privileged information.  The

28   producing party shall not be responsible for any items left in the room following

1    any inspection session, nor shall the presence of such materials bar the producing

2    party from entering or using the inspection room.

3                      xiii.    Except as specifically permitted in this Paragraph 11, the

4    receiving party will not copy, remove, or otherwise transfer any Source Code from

5    the Source Code Computer including, without limitation, copying, removing, or

6    transferring the Source Code onto any recordable media or recordable device.  The

7    receiving party will not transmit any Source Code in any way from the producing

8    party's facilities or the offices of its outside counsel of record.

9                      xiv.    The Source Code Computer and/or external storage

10   media used to store the Source Code shall be password protected and, at the option

11   of the producing party, further protected using PGP or comparable encryption.

12                     xv.    No electronic copies of Source Code shall be made

13   (including by way of example only, the receiving party may not scan the Source

14   Code to a PDF or photograph the code), other than volatile copies necessarily

15   made in the course of loading, accessing, compiling, modeling and/or executing

16   the Source Code or running data processing systems that use or incorporate the

17   Source Code on the Source Code Computer.  Images or copies of Source Code

18   shall not be included in correspondence between the parties (references to

19   production numbers shall be used instead), and shall be omitted from pleadings and

20   other papers whenever possible.  If a party reasonably believes that it needs to

21   submit a portion of the Source Code as part of a filing with the Court, the parties

22   shall meet and confer as to how to make such a filing while protecting the

23   confidentiality of the Highly Confidential Source Code and such filing will not be

24   made absent agreement from the producing party that the confidentiality

25   protections will be adequate.

26                     xvi.    The receiving party's outside counsel of record may

27   make no more than five (5) additional paper copies of any portions of the Source

28   Code received from a producing party, not including copies attached to court

filings or used at depositions, and shall maintain a log of all paper copies of the Source Code received from a producing party that are delivered by the receiving party to any approved individual.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. Upon reasonable notice to the receiving party by the producing party, the receiving party shall provide a copy of this log to the producing party.

xvii.   Copies of Source Code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.  All paper copies of Source Code brought to a deposition shall be securely destroyed in a timely manner following the deposition.

xviii.  Any printed pages of Source Code shall be stored in a locked safe or storage cabinet when not actually in use.

xix.    The receiving party shall maintain a log of all individuals who have accessed the Source Code Computer.  The log shall be made available to the producing party upon  reasonable request.  The log shall include the name of each  person who accessed the Source Code Computer.  Such log and any information from it shall be inadmissible in this litigation except in connection with proceedings before the Court regarding any alleged violations of this Protective Order.

At the end of this action (including any related appeals), any entity receiving Source Code will certify that: (a) all printed copies of Source Code have been returned, with the exception of exhibits that were attached to filed pleadings or admitted  into evidence; (b) any electronic storage or memory media that may contain Source Code has been returned, fully reformatted, and/or destroyed; and (c) any access logs maintained by counsel have been archived along with counsel's other records from this litigation. Other than set forth in this subparagraph, counsel may not maintain a file copy of Source Code material.

1    12.    Nothing in this Order shall allow non-testifying experts and

2  consultants to be deposed or otherwise be the subject of discovery other than as

3  provided under the Federal Rules of Civil Procedure.

4    13.    (a)    Nothing in this Order shall prevent or otherwise restrict counsel

5  from rendering advice to their clients and, in the course thereof, relying generally

6  on "Confidential" or "Highly Confidential" Litigation Materials; provided, that in

7  rendering such advice and otherwise communicating with such client, counsel shall

8  not make any disclosure of the specific substance of Litigation Materials so

9  designated except as otherwise allowed in this Order.

10    (b)    If, at any time, any Litigation Materials in the possession, custody or

11  control of any person other than the person who originally produced such

12  Litigation Materials are subpoenaed or requested by any court, administrative

13  agency, legislative body or other person or entity, the person to whom the

14  subpoena or request is directed shall immediately provide written notice to each

15  person who originally produced such Litigation Materials or designated them

16  "Confidential" or "Highly Confidential," and the person to whom the subpoena or

17  request is directed shall not take an adverse position to such producing or

18  designating person(s) who oppose the subpoena or request for such Litigation

19  Materials.

20    14.    Except as agreed to in writing by counsel of record or as ordered by

21  the Court, Litigation Materials designated or treated as "Confidential" or "Highly

22  Confidential" shall be submitted and/or filed under seal in accordance with Local

23  Rule 79-5.

24    15.    Nothing herein shall prevent any of the parties from using

25  "Confidential" or "Highly Confidential" Litigation Materials in any trial in this

26  litigation or from seeking further protection with respect to the use of any

27  "Confidential" or "Highly Confidential" Litigation Materials in any trial in this

28  litigation.  Means to preserve the confidentiality of Litigation Materials presented

1    at any trial of this matter shall be considered and implemented prior to the

2    beginning of such trial.  "Confidential" or "Highly Confidential" Litigation

3    Materials that are not received into evidence at trial shall retain their

4    "Confidential" or "Highly Confidential" status under this Order.

5    16.    The terms of this Order shall apply to all manner and means of

6    discovery. The provisions of this Order may be modified at any time by stipulation

7    of the parties, approved by order of the Court.  In addition, a party may at any time

8    apply to the Court for modification of this Order.  Nothing in this Order shall

9    constitute (a) any agreement to produce in discovery any testimony, document or

10   other information; (b) a waiver of any right to object to or seek a further protective

11   order with respect to any discovery or other matter in this or any other litigation; or

12   (c) a waiver of any claim or immunity, protection, or privilege with respect to any

13   testimony, document or information.

14   17.    In the event that Litigation Materials designated or treated as

15   "Confidential" or "Highly Confidential" are disclosed to someone not authorized

16   to receive such information under this Order, counsel of record for the party

17   making that disclosure shall, promptly upon learning of such disclosure, give

18   notice to counsel of record for the designating person and to counsel of record for

19   the producing person (if different), and shall describe the circumstances

20   surrounding the unauthorized disclosure.

21   18.    If any person inadvertently produces in discovery any information

22   subject to attorney-client privilege, work product doctrine or any other privilege,

23   protection, or immunity, and the requirements of Federal Rule of Evidence 502(b)

24   have been satisfied, the producing person may (promptly upon learning of such

25   production) notify the receiving party(ies) of such production and seek the return

26   and/or destruction of such information as set forth below.  Upon such notification:

27   the receiving party(ies) shall promptly return to the producing person or shall

28   destroy all such information (including, without limitation, all originals and copies

Mitchell
Silberberg &
Knupp LLP
4750157.2

18

**PROTECTIVE ORDER**

of any documents containing or comprising such information); the information (including, without limitation, all originals and copies of any documents containing or comprising such information) shall continue to be privileged, protected, and/or immune; and no use shall be made of such information (including, without limitation, all originals and copies of any documents containing or comprising such information) by the receiving party(ies), nor shall it be disclosed to anyone by the receiving party(ies). The receiving party(ies) shall promptly provide to the producing person a written certification of the complete return or destruction of such information (including, without limitation, all originals and copies of any documents containing or comprising such information); provided that, to the extent any receiving party has incorporated any such information in its own work product, it may (instead of providing such work product to the producing person) destroy such information incorporated in that work product and promptly certify to such destruction. Nothing herein, however, shall preclude the receiving party(ies) from subsequently challenging that such materials are privileged, or that any such privilege has not been waived.

19.     Upon termination of this litigation and the request of the producing person, the originals and all copies, whether exact copies or compilations, digests or non-exact copies in any form, of Litigation Materials shall, within thirty (30) days, be returned to the person who produced such Litigation Materials (with the resulting shipping expense to be paid by the producing person), or shall be destroyed (together with a written certification of the complete destruction of the Litigation Materials), or shall otherwise be disposed as may be mutually agreeable among the applicable persons. The obligation to return/destroy Confidential (as opposed to Highly Confidential) materials shall be limited to reasonable efforts. Nevertheless, counsel of record may retain their file copies of all court filings, official transcripts and exhibits, provided that counsel continues to treat all Litigation Materials in the manner provided in this Order. Notwithstanding the

Mitchell
Silberberg &
Knupp LLP

4750157.2

19

PROTECTIVE ORDER

1   provisions of this paragraph, inaccessible copies of confidential or proprietary

2   material, including electronic copies created through the routine operation of the

3   recipient(s)' standard archival and backup procedures, do not need to be returned

4   or destroyed.

5       20.    This Order shall remain in force and effect until modified, superseded

6   or terminated by agreement of the parties hereto or by order of the Court.  The

7   termination of this action shall not relieve the parties from complying with any

8   limitations imposed by this Order, and the Court shall retain jurisdiction to enforce

9   this Order.

10      21.    The entry of this Order does not prevent either party from seeking a

11  further order of this Court pursuant to Rule 26(c) of the Federal Rules of Civil

12  Procedure.

13

14

15                 [INTENTIONALLY LEFT BLANK]

16

17

18

19

20

21

22

23

24

25

26

27

28

1     22.    The parties hereto agree that they will act in accordance with the

2 terms and conditions of this Order upon its execution by both parties even though

3 it may not yet have been so-ordered and entered by the Court.

4     23.    This Order shall govern all discovery undertaken in this action.

6 SO ORDERED:

8 Dated:  July 26, 2012                              

9 Hon. Jay C. Gandhi
United States Magistrate Judge

**PROTECTIVE ORDER**

Mitchell
Silberberg &
Knupp LLP

4750157.2

1

<u>Schedule A</u>

2

  By my signature, I hereby acknowledge that I have read the Stipulated

3

Protective Order, dated July __, 2012 (the "Protective Order") entered in *CBS*

4

*Broadcasting Inc., CBS Studios Inc., and Survivor Productions, LLC v. DISH*

5

*Network L.L.C. and DISH Network Corporation*, Case No. 12-cv-04551 DMG

6

(JCGx), pending in the United States District Court for the Central District of

7

California and hereby agree to be bound by the terms thereof.  I further agree that

8

to the extent that my employees are provided with "Confidential" and/or "Highly

9

Confidential" Litigation Materials, I will instruct such employees regarding the

10

terms of the Protective Order.  I further agree to subject myself to the jurisdiction

11

of the United States District Court for the Central District of California with

12

respect to all matters relating to compliance of the Protective Order.

13

14

Dated:_____

15

City and State: _____

16

        Signature:

17

_____

18

19

  Title:_____

20

21

  Address:_____

22

23

  _____

24

25

  _____

26

27

28

Mitchell
Silberberg &
Knupp LLP

4750157.2

22

**PROTECTIVE ORDER**