UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | | | |
|---|---|---|---|
| Case No. | **CV 12-04551 DMG (SHx)** | Date | September 4, 2012 |
| Title | *CBS Broadcasting Inc., et al. v. Dish Network Corporation, et al.* | Page | 1 of 8 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(3) OR, IN THE ALTERNATIVE, TRANSFER PURSUANT TO 28 U.S.C. § 1406(a) [Doc. # 28]**

This matter is before the Court on the motion to dismiss pursuant to Rule 12(b)(3) or, in the alternative, transfer pursuant to 28 U.S.C. § 1406(a) filed by Defendants DISH Network Corporation and DISH Network L.L.C. (together, "DISH") [Doc. # 28].  The Court held a hearing on August 24, 2012.  Having duly considered the respective positions of the parties, as presented in their briefs and at oral argument, the Court now renders its decision.

Plaintiffs CBS Broadcasting, Inc., CBS Studios Inc., and Survivor Productions, LLC (the "CBS Plaintiffs") initiated this action on May 24, 2012 by filing a complaint against DISH for copyright infringement.

On May 24, 2012, just prior to the instant action being filed, DISH filed a declaratory judgment action (the "New York Action") against defendants American Broadcasting Companies, Inc., CBS Corporation, the Fox Entertainment Group, Inc., Fox Television Holdings, Inc., Fox Cable Network Services, L.L.C., and NBCUniversal Media, L.L.C. in the Southern District of New York.  In the New York Action, DISH sought a judgment of non-infringement.  On July 9, 2012, Hon. Laura Taylor Swain, United States District Judge, granted the defendants' motion to dismiss in part as to DISH's copyright claim.  (Decl. of Melanie D. Phillips ("Phillips Decl.") [Doc. # 28-3] ¶ 7, Ex. G.)

On July 27, 2012, DISH filed this Motion [Doc. # 28].  The CBS Plaintiffs filed an opposition on August 3, 2012 [Doc. # 40].  DISH filed a reply on August 10, 2012 [Doc. #53].

**I.      Legal Standards**

Rule 12(b)(3) of the Federal Rules of Civil Procedure allows a defendant to challenge a complaint for improper venue.  In considering such a motion, "[the] pleadings need not be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-04551 DMG (SHx)** | Date | September 4, 2012 |
|---|---|---|---|
| Title | ***CBS Broadcasting Inc., et al. v. Dish Network Corporation, et al.*** | Page | 2 of 8 |

accepted as true, and facts outside the pleadings may be considered." *Doe 1 v. AOL LLC,* 552 F.3d 1077, 1081 (9th Cir. 2009). Once venue is challenged, a plaintiff bears the burden of showing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

If the Court determines that venue is improper, it "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); s*ee also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67, 82 S.Ct. 913, 915-16, 8 L.Ed.2d 39 (1962) ("The language of section 1406(a) is amply broad enough to authorize the transfer of cases . . . whether the court in which it was filed had personal jurisdiction over the defendants or not."); *King v. Russell,* 963 F.2d 1301, 1304-05 (9th Cir. 1992).

**II.     Discussion**

DISH argues that, in light of the Retransmission Consent and Video on Demand Agreement (the "Retransmission Agreement"), executed by and between DISH Network L.L.C. and CBS Corporation, effective as of January 1, 2012, venue is improper in the Central District of California and the action should be dismissed or transferred to the Southern District of New York. DISH argues that the Retransmission Agreement contains a mandatory forum selection clause and that the clause must be enforced because the CBS Plaintiffs' copyright infringement claims in this action arise under or out of that Agreement. The forum selection clause to which DISH refers provides as follows:

> 18.     **Applicable Law**. This Agreement shall be governed by and construed under and in accordance with the laws of the State of Colorado, without regard to conflict of law rules thereof, subject to applicable provisions of the Communications Act of 1934, as amended, and applicable rules, regulations and orders of the Federal Communications Commission. <u>The federal and state courts located in the city and state of Denver, Colorado and the Southern District of New York shall have exclusive jurisdiction to hear and determine any claims, disputes, actions or suits that may arise under or out of this Agreement and each party hereby waives its right to make any claim to the contrary</u>. The provisions of this Section 18 shall survive the termination or cancellation of this Agreement.

(Phillips Decl. ¶ 1, Ex. A ¶ 18) (emphasis added).

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk <u>vv</u> |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-04551 DMG (SHx)** | Date | September 4, 2012 |
|---|---|---|---|
| Title | *CBS Broadcasting Inc., et al. v. Dish Network Corporation, et al.* | Page | 3 of 8 |

The CBS Plaintiffs do not dispute the validity of the forum selection clause.[1]  Instead, they argue that DISH is judicially estopped from arguing that venue is improper because it previously argued in the New York Action that United States District Judge Laura Taylor Swain should decide venue.  In the alternative, the CBS Plaintiffs argue that they are not bound by the forum selection clause because they are not parties to the Retransmission Agreement and because DISH's alleged acts of copyright infringement do not arise under or out of that agreement.

### A. DISH Is Not Barred by Judicial Estoppel from Enforcing the Forum Selection Clause

#### i. Legal Standards Governing the Application of Judicial Estoppel

"[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position." *Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1133 (9th Cir. 2012) (quoting *New Hampshire v. Maine,* 582 U.S. 742, 749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (internal quotations omitted); *see also Hamilton v. State Farm Fire & Casualty Co.,* 270 F.3d 778, 783 (9th Cir. 2001) (noting that the Ninth Circuit has restricted the application of judicial estoppel to cases where the court relied on, or accepted, the party's previous inconsistent position).  The purpose of the doctrine is to protect the integrity of the judicial process by "prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Baughman,* 685 F.3d at 1133.

The Court considers several factors when determining whether to apply the doctrine of judicial estoppel:  (1) whether a party's later position is "clearly inconsistent" with its earlier position; (2) whether the party has succeeded in persuading a court to accept that party's earlier position, creating a perception that the first or second court was misled; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.  *Id.*

---

[1] "[F]orum selection clauses are presumptively valid [and] they should be honored 'absent some compelling and countervailing reason.'"  *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12, 92 S. Ct. 1907 (1972)).  "The party challenging the clause bears a 'heavy burden of proof' and must 'clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching.'"  *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-04551 DMG (SHx)** | Date | September 4, 2012 |
|---|---|---|---|

| Title | ***CBS Broadcasting Inc., et al. v. Dish Network Corporation, et al.*** | Page | 4 of 8 |
|---|---|---|---|

      **ii.**    **Discussion**

      The CBS Plaintiffs argue that DISH is barred by judicial estoppel because it consistently argued that the Southern District of New York was the proper forum in which to determine venue and that, when denying DISH's motion for an anti-suit injunction, Judge Swain also made it clear that the copyright infringement action could and should proceed in this Court. The CBS Plaintiffs couch DISH's instant motion to dismiss as an attempt to collaterally attack Judge Swain's decision and contend that, if it disagreed with Judge Swain's ruling, it could have appealed her decision to the Second Circuit Court of Appeals.

      The CBS Plaintiffs conflate two separate venue issues, *i.e.,* the proper forum to determine whether the first-filed rule applies, at issue in the New York Action, and the proper forum for the parties to litigate the copyright infringement claims, at issue in the instant action, and in so doing, overstate the scope of Judge Swain's ruling. None of the CBS Plaintiffs' citations to the record reflect otherwise.

      First, to be sure, DISH's position in the New York Action was that, pursuant to the first-filed rule, the Southern District of New York—where the first action was in fact filed—was the proper forum to decide whether the first-filed rule should apply. In its memorandum of law in support of its motion for an anti-suit injunction and temporary restraining order (Decl. of Robert H. Rotstein ("Rotstein Decl.") [Doc. # 44] ¶ 3, Ex. B), DISH argued that "at a minimum, the court in which the first-filed case was brought decides whether the first-filed rule or an exception to the first filed [sic] rule applies" (*id.* at 15) (internal quotations omitted). That position, however, is not inconsistent with the position that DISH takes now in this action, *i.e.,* that this Court should decide that venue is improper here because the action should be litigated in the Southern District of New York. Indeed, the very essence of DISH's position in the New York Action was that, applying the first-filed rule, the later-actions filed against DISH in California belonged in New York.

      Moreover, while Judge Swain ultimately dismissed DISH's declaratory judgment action against CBS to the extent it pertained to CBS's copyright claims, she did so as a result of her determination that DISH's New York Action was an improper anticipatory declaratory judgment action, an exception to the application of the first-filed rule. Judge Swain held as follows:

> <u>In light of the Court's determination that Dish's complaint constitutes an improper anticipatory filing</u>, and the existence of coercive litigation as to most of the issues in California, the Court finds that there is no useful or appropriate purpose in entertaining

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk <u>vv</u> |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 12-04551 DMG (SHx)** | Date | September 4, 2012 |
| Title | *CBS Broadcasting Inc., et al. v. Dish Network Corporation, et al.* | Page | 5 of 8 |

> Dish's declaratory judgment action to the extent that it overlaps with the litigation pending in the Central District of California. Accordingly, insofar as Dish's complaint pertains to Fox's copyright and contract claims and CBS/NBCU's copyright claims, <u>this action will be dismissed without prejudice to litigation of Dish's assertions in the pending Central District of California actions</u>.

(Phillips Decl. ¶ 7, Ex. G at 12) (emphasis added). On that basis, Judge Swain "decline[d] to exercise jurisdiction of Dish's copyright declaratory judgment claims against CBS/NBCU" and granted the CBS/NBCU motion to dismiss "without prejudice with respect to the copyright claims." (*Id.* at 13.)

Thus, particularly in light of Judge Swain's dismissal of the New York Action as to CBS "without prejudice to litigation of Dish's assertions" in the instant action, the Court does not find DISH's position in the New York Action to be a basis to apply judicial estoppel in this action. Rather, the Court finds that DISH's position in the instant action is entirely consistent with that in the New York Action, *i.e.*, that the Southern District of New York is the proper venue for litigation of the CBS Plaintiffs' copyright claims.[2] The Court therefore finds that DISH is not barred by judicial estoppel.

### B. The CBS Plaintiffs Are Bound by the Retransmission Agreement and their Claims Arise Under or Out of that Agreement

The CBS Plaintiffs further argue that the Retransmission Agreement does not implicate the copyright issue in this action because Plaintiffs are not parties to that Agreement, and because there is no meaningful relationship between this case and the Retransmission Agreement.

---

[2] The CBS Plaintiffs further argue that, because of Judge Swain's statement that "entertaining the declaratory judgment complaint for the purpose of consolidating all of the litigation against the four networks and their affiliates in New York would be particularly inappropriate in this case," DISH is precluded from enforcing the forum selection clause. (Phillips Decl. ¶ 7, E x. G at 12.) In quoting Judge Swain's ruling, however, the CBS Plaintiffs leave out critical portions of the decision that this Court finds significant, as discussed *supra, i.e.,* Judge Swain did not squarely address the forum selection clause "[i]n light of the Court's determination that Dish's complaint constitutes an improper anticipatory filing" and her dismissal of the CBS/NBCU copyright claims was "without prejudice" to DISH's assertion of its arguments here, including the venue issue. Thus, it appears that central to Judge Swain's decision was the finding that DISH's New York Action was an improper anticipatory filing, mandating dismissal of DISH's action notwithstanding any efficiencies which could have resulted from consolidating the actions.

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk vv |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-04551 DMG (SHx)** | Date | September 4, 2012 |
|---|---|---|---|

| Title | ***CBS Broadcasting Inc., et al. v. Dish Network Corporation, et al.*** | Page | 6 of 8 |
|---|---|---|---|

As the Ninth Circuit explained in *Holland America Line Inc. v. Wärtsilä North America, Inc.*, 485 F.3d 450 (9th Cir. 2007), "where the alleged conduct of the nonparties is closely related to the contractual relationship, 'a range of transaction participants, parties and non-parties, should <u>benefit from and be subject to</u> forum selection clauses.'" *Id*. at 456 (emphasis added) (quoting *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988)). Here, the CBS Plaintiffs indicate that CBS Broadcasting and CBS Studios are wholly owned subsidiaries of CBS Corporation. (Phillips Decl. ¶ 9, Ex. I.) The CBS Plaintiffs further indicate that CBS Corporation is the ultimate parent of CBS Survivor Productions, which is a 50% owner of Survivor Productions. (Pls' Opp'n at 2 n. 2.)

As to the issue of whether the CBS Plaintiffs' claims arise under or out of the Retransmission Agreement, the parties focus their attention on section 2(e) of the Retransmission Agreement, which they and this Court have referred to as the "agree to disagree" clause. That clause provides:

> e. <u>Sling Technology; Subscribers Home Recording</u>. The Parties acknowledge that they disagree on whether (i) DISH's or its Affiliates' making available time-shifting or place-shifting technology (e.g., Sling) in connection with DISH's retransmission of the Broadcast Signals of the Stations or otherwise, or any produce or service used or offered by DISH or its Affiliates, or (ii) Subscribers' using such technology in connection with the such [sic] Broadcast Signals or any product or service used or offered by DISH or its Affiliates, requires an additional license from Broadcaster beyond the rights granted in Section 2.
>
> \*  \*  \*
>
> The Parties acknowledge and agree that nothing in this Agreement is intended to or shall be construed to prohibit or otherwise limit any action undertaken by a Subscriber (e.g., using time-shifting or place-shifting technology, establishing a connection between such DISH customer's consumer electronics device and such customer's Set-Top Box) to the extent that such DISH customer's action is permitted by then-existing Law, nor is anything in this Agreement intended to authorize any such Subscriber actions. For avoidance of doubt, this paragraph shall not be construed as a concession or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 12-04551 DMG (SHx)** | Date | September 4, 2012 |
| Title | *CBS Broadcasting Inc., et al. v. Dish Network Corporation, et al.* | Page | 7 of 8 |

> admission by either party regarding the existing state of the Law
> regarding time-shifting or place-shifting technology or its use by
> Subscribers, or as an agreement to shift or alter any burdens of
> proof that would otherwise apply in the event of a dispute
> regarding such technology.

(Phillips Decl. ¶ 1, Ex. A at 9-10.)

The problem, of course, is that the "agree to disagree" clause appears to embody, at least in part, the dispute at issue now between the parties. In section 2(e), the parties provided that, in the event the law required an additional license from Broadcaster, "DISH acknowledge[d] that nothing in [that] Agreement [was] intended to or shall be construed as granting such additional license or authorizing such actions in any way," and in the event the law did not require an additional license, "Broadcaster acknowledge[d] that nothing in [that] Agreement [was] intended to or shall be construed as prohibiting or otherwise limiting such actions in any way." (*Id.*) Apparently, the parties could not agree then whether the conduct alleged in this action is unlawful and have since come no closer to reaching any such agreement.[3] As such, it is difficult to imagine how the Retransmission Agreement will not be a focal point in determining what actions DISH was authorized to take and what actions are beyond the scope of that authority.

Other provisions of the Retransmission Agreement, identified by DISH in its papers and during oral argument, may also come into play. (*See, e.g.,* Phillips Decl. ¶ 1, Ex. A at sections 1(gg) (definition of "video on demand"); 2(a) (pertaining to CBS's retransmission consent); 19 (indemnification); and 23 (unauthorized use)). Tellingly, when given the opportunity, the CBS Plaintiffs were not willing to unequivocally waive their rights under the Retransmission Agreement with respect to the claims raised in this action.

---

[3] The CBS Plaintiffs raise *Accentra, Inc. v. Staples, Inc.*, CV 07-05862 ABC (RZx), 2008 WL 7400627 (C.D. Cal. Feb. 27, 2008), an unpublished district court decision, in support of their contention that their copyright infringement claims are not subject to the forum selection clause because they do not arise under or out of the Retransmission Agreement. Important to the court's decision in *Accentra,* however, was the fact that the manufacturing agreement at issue failed to grant any rights to the other party and contained no language that would give rise to any defense to a claim of infringement. *Id.* at * 2. Here, as discussed *supra,* the parties' dispute will likely involve, at least in part, an interpretation of the "agree to disagree" clause. The Retransmission Agreement provides that, "[i]n the event that the Law does not require an additional license from Broadcaster . . . Broadcaster acknowledges that nothing in this Agreement is intended to or shall be construed as prohibiting or otherwise limiting such actions in any way." (Phillips Decl. ¶ 1, Ex. A at 10.) The "agree to disagree" clause further provides that nothing in the Agreement was intended to either limit or authorize actions related to time-shifting or place-shifting technology. (*Id.*) As such, it seems plausible, if not inevitable, that DISH will raise a defense to this copyright infringement action on the basis of the Retransmission Agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 12-04551 DMG (SHx) | Date | September 4, 2012 |
|---|---|---|---|
| Title | *CBS Broadcasting Inc., et al. v. Dish Network Corporation, et al.* | Page | 8 of 8 |

The Court therefore finds that, in light of the close relationship between the claims asserted by the CBS Plaintiffs and the contractual relationship established between DISH and CBS Corporation under the Retransmission Agreement, the CBS Plaintiffs' copyright infringement action arises under or out of the Retransmission Agreement and that the forum selection clause applies and must be enforced.

**2.      Transfer of Venue Under 28 U.S.C. § 1406**

The Court also finds that it is proper to exercise its discretionary power to transfer the action to the Southern District of New York pursuant to 28 U.S.C. § 1406. *See Flake v. Medline Industries, Inc.*, 882 F. Supp. 947, 952 (E.D. Cal. 1995) ("the Ninth Circuit has explicitly endorsed the use of § 1406 to transfer or dismiss based on a forum selection clause."). Section 1406 provides that the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it would have been brought." 28 U.S.C. § 1406(a). The Court concludes that it is in the interests of justice to transfer the case to the Southern District of New York, consistent with the forum selection clause in the Retransmission Agreement and the efficiencies to be gained from having the parties' various disputes decided in one forum.

**III.     Conclusion**

In light of the foregoing, DISH's motion to dismiss is GRANTED.  The action shall be transferred to the Southern District of New York.

**IT IS SO ORDERED.**