

Date 11/4/14
Docket and File

*Kevin Nathaniel Fox*
HON. KEVIN NATHANIEL FOX
United States Magistrate Judge
Southern District of New York

September 18, 2014

<u>VIA FACSIMILE (212-805-6712)</u>

The Honorable Kevin N. Fox
United States Magistrate Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *In re AutoHop Litigation*, Master File No. 12 Civ. 4155 (LTS)(KNF)
           **This Document Relates To: All Actions**

           **Joint Letter Application to Extend Deadline for Expert Discovery and Modify Other Pre-Trial Deadlines**

           **CONFIDENTIAL TREATMENT REQUESTED**

Dear Judge Fox:

    Undersigned counsel represent the parties in the above-captioned matter: Plaintiff-Counterclaim Defendant DISH Network L.L.C. and Counterclaim Defendant EchoStar Technologies L.L.C. (the "DISH Parties"), and Defendant-Counterclaimant CBS Corporation and Counterclaimants CBS Broadcasting Inc., CBS Studios Inc., and Survivor Productions, LLC ("CBS") (all collectively, "the Parties"). The Parties respectfully seek leave to extend expert discovery and modify other pre-trial deadlines for good cause shown, as discussed below. The Parties are available at Your Honor's convenience should Your Honor wish to discuss the basis for this new request and the good cause outlined below.

    The Parties respectfully request that, due to the confidential nature of the contract negotiations discussed herein, the Court assign this letter confidential treatment.

The Honorable Kevin N. Fox
September 18, 2014
Page 2

### A. There is Good Cause for an Extension to the Case Schedule.

On September 2, 2014, Your Honor ruled that the Parties had failed to show good cause for requesting an extension to the case schedule, including for exchanging initial expert disclosures. ECF No. 304. The Parties have exchanged initial expert disclosures and the Parties are prepared to meet the current expert deadlines, if necessary. However, the Parties respectfully submit that good cause exists to warrant an extension to expert discovery and other portions of the case schedule, pursuant to the factors enumerated in the September 2, 2014 Order of this Court, and for the specific reasons set forth below.

First, on September 11, 2014, the Parties appeared before Judge Swain for a case management conference. At the conference, the Parties informed Judge Swain that CBS Corporation and DISH Network L.L.C. are currently engaged in business negotiations for a new retransmission consent agreement. TEXT REDACTED (KNF) Because the Parties are hopeful that negotiations will lead to a new agreement and that the claims asserted in this case may settle in conjunction with those negotiations for a new agreement, as occurred with DISH and ABC, the parties informed Judge Swain that this case may be settled as a result of the ongoing business negotiations taking place directly between the business people at the Parties.

In the interest of judicial economy, Judge Swain decided to modify two dates in the current case schedule: (1) the deadline for filing summary judgment motions was adjourned from December 19, 2014 to February 27, 2015, and (2) the final pre-trial conference was adjourned from April 17, 2015 to May 29, 2015. Judge Swain instructed the Parties that she would be informing this Court of those modifications. Judge Swain also informed the Parties that they might renew their request before this Court for an extension to other dates in the schedule, providing more detail on the good cause for the request, if the parties believed that modifications to other dates were appropriate, and would conserve the resources of the Parties and their experts.

In light of Judge Swain's modification to the case schedule and the Parties' ongoing negotiations, the Parties respectfully submit that good cause exists to warrant extensions to the other deadlines in the case schedule.

Second, CBS believes that there is additional good cause for an extension to the case schedule. On April 11, 2014, the Parties filed motions to compel with Your Honor that remain pending. Among other things, CBS seeks a sanction precluding DISH from relying on any usage data about PrimeTime Anytime and AutoHop in the litigation. In its initial expert disclosures, DISH's experts relied upon and analyzed usage data that CBS has sought to preclude. CBS and DISH disagree about whether DISH's production of this usage data satisfied DISH's discovery obligations. Depending on the outcome of Your Honor's decision on CBS's pending motion to

The Honorable Kevin N. Fox
September 18, 2014
Page 3

compel, it is CBS's position that CBS or DISH will be tasked with supplementing or amending its expert disclosures. As a result, CBS believes that an extension to the remaining dates in the case schedule would reduce the risk of duplicative or unnecessary work by the parties and by the parties' experts in this litigation.

The DISH Parties do not agree that the fact that there are pending motions to compel necessarily provides good cause for an extension, and do not join in those grounds for this application. In addition, DISH does not agree that CBS will have a right to supplement or amend its expert disclosures if this Court denies CBS's request for a preclusion sanction. DISH reserves all rights to oppose any request by CBS to supplement or amend its initial expert disclosures.

Third, DISH believes that there is additional good cause for an extension to the case schedule in order to avoid duplicative expert depositions. There is significant overlap between the retained experts in this case and in the case of *Fox v. DISH Network L.L.C.* pending in the Central District of California. DISH has retained certain experts for purposes of both cases (including Professor Paul Horowitz, Professor John Hauser and Richard Rapp, Ph.D.) Those three DISH experts will be offering overlapping opinions in this case and the *Fox* case. In addition, CBS has retained at least one expert in common with Fox, Professor Bradford Cornell, who will be offering overlapping opinions in this case and the *Fox* case. If the expert discovery schedule in this case is not coordinated with the expert discovery schedule in the *Fox* case, those four overlapping experts (and potentially additional rebuttal experts who have not yet been disclosed) may be subject to multiple depositions on the same subject matter. In order to conserve the time and resources of the Parties and their experts, the Parties propose that certain expert deadlines be aligned with the *Fox* case, so that the schedule will allow the opportunity for coordination of expert depositions. As the different expert schedules in the two cases currently stand, there is no opportunity for deposition coordination, because expert discovery closes in this case on November 19, 2014, which is before all expert disclosures have been made in the *Fox* case, where rebuttal expert disclosures are due on November 21, 2014.

CBS does not oppose coordination of expert discovery in order to avoid duplicative expert depositions on overlapping expert opinions between this case and the *Fox* case in the event that the proposed extensions in the revised schedule below are granted.

With respect to the experts solely addressing non-overlapping issues, the Parties submit that expert discovery should be extended further, in order to avoid expending expert resources on issues unique to this case that may be resolved through a settlement.

B.   Proposed Revised Schedule.

Below are the current deadlines and the Parties' proposed revised dates:

The Honorable Kevin N. Fox
September 18, 2014
Page 4

| Deadline[1] | Current Date | Proposed Revised Date |
|---|---|---|
| Rebuttal Expert Disclosures for Experts Addressing Overlapping Issues | 9/29/14 | 10/21/14 |
| Reply Expert Disclosures for Experts Addressing Overlapping Issues | 10/20/14 | 11/19/14 |
| Rebuttal Expert Disclosures for Experts Addressing Non-Overlapping Issues | N/A | 1/8/15 |
| Reply Expert Disclosures for Experts Addressing Non-Overlapping Issues | N/A | 1/29/15 |
| Close of Expert Discovery | 11/19/14 | 2/20/15 |
| Daubert Motions | 2/13/15 | 3/13/15 |
| Motions in Limine | 3/13/15 | 4/13/15 |
| Joint Final Trial Report | 3/18/15 | 4/29/15 |

    The Parties thank the Court for its consideration of this application and are available if the Court has any questions.

---

[1] "Overlapping" issues are those copyright issues that are common to both this case and the Fox case. "Non-Overlapping" issues are those non-copyright issues that are unique to this case, specifically CBS's fraud counterclaim against DISH.

The Honorable Kevin N. Fox
September 18, 2014
Page 5

Respectfully submitted,

*signature*

Elyse D. Echtman
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019

*Counsel for the DISH Parties*

*signature*

Timothy R. Jezek
Senior IP Counsel
Hughes Network System, LLC

On behalf of EchoStar Technologies L.L.C.

*signature*

Joshua I. Schiller
Boies, Schiller & Flexner LLP
575 Lexington Avenue
New York, New York 10022

*Counsel for the CBS Parties*

*signature*

Lawrence R. Katzin
Vice President & Assistant General Counsel
DISH Network L.L.C. and DISH Network Corporation

On behalf of DISH Network L.L.C.

*signature* 9/18/14

Anthony Bongiorno
Senior Vice President &
Associate General Counsel
CBS Corporation

On behalf of the CBS Parties

Attachment: Appendix A—Proposed Fifth Revised Scheduling Order

cc:    All Counsel (with Attachment)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AUTOHOP LITIGATION | MASTER FILE<br>12 Civ. 4155 (LTS)(KNF) |
| This Document Relates To:<br><br>All Actions | [PROPOSED] FIFTH REVISED<br>PRE-TRIAL SCHEDULING ORDER |

**KEVIN N. FOX, CHIEF UNITED STATES MAGISTRATE JUDGE:**

A pre-trial conference was held in this matter on August 3, 2012, and Pre-Trial Scheduling Order No. 1 (ECF No. 103) was entered that same day. Pursuant to the Order of Reference to a Magistrate Judge (ECF No. 104) entered on August 3, 2012, this action was referred to Magistrate Judge Kevin N. Fox for general pre-trial supervision, including scheduling and discovery. A Revised Pre-Trial Scheduling Order was entered on March 4, 2013 (ECF No. 194), a Second Revised Pre-Trial Scheduling Order was entered on May 7, 2013 (ECF No. 213), a Third Revised Pre-Trial Scheduling Order was entered on September 10, 2013 (ECF No. 226), and a Fourth Revised Pre-Trial Scheduling Order was entered on December 23, 2013 (ECF No. 239). A case management conference was held in this matter on September 11, 2014, at which Judge Laura Taylor Swain amended the deadline for summary judgment motions and the date for the final pre-trial conference, as set forth below. The following provisions of Pre-Trial Scheduling Order No. 1, as amended by the Fourth Revised Pre-Trial Scheduling Order, shall be revised as follows, and all other provisions of Scheduling Order No. 1 shall remain in force:

Paragraph 2, Discovery:

    d.    (a) Rule 26(a)(2) Expert Disclosures on a Party's Defenses and Rebuttal Expert Disclosures addressing copyright issues overlapping between this case and the case of *Fox Broadcasting Co., et al. v. DISH Network L.L.C., et al.*, No. CV12-04529 (DMG)(SHx) (C.D.Ca.) (the "*Fox* case") must be made by **October 21, 2014**. Reply Expert Disclosures addressing copyright issues overlapping between this case and the *Fox* case must be made by **November 19, 2014**. (b) Rule 26(a)(2) Expert Disclosures on a Party's Defenses and Rebuttal Expert Disclosures solely addressing issues that do not overlap between this case and the

       *Fox* case must be made by **January 8, 2015**. Reply Expert Disclosures solely addressing issues that do not overlap between this case and the *Fox* case must be made by **January 29, 2015**.

   c.    All expert witness discovery must be completed by **February 20, 2015**.

Paragraph 5, Dispositive Pre-Trial Motions:

Dispositive motions, if any, seeking resolution, in whole or in part, of the issues to be raised at trial must be served and filed on or before **February 27, 2015**.

Paragraph 6, Other Pre-Trial Motions:

   a.    Any <u>Daubert</u> motion practice must be initiated on or before **March 13, 2015**.

   b.    Other Motions, including but not limited to non-<u>Daubert</u> motions in limine relating to evidentiary issues, must be filed and served on or before **April 13, 2015**.

Paragraph 7, Joint Final Trial Report:

The Joint Final Trial Report covering the matters enumerated in subdivision IV.C. and IV.D. of the Pilot Project Description must be filed, with one courtesy copy provided for Chambers, on or before **April 29, 2015**.

Paragraph 9, Final Pre-Trial Conference:

The parties are directed to appear before the assigned district judge in Courtroom No. 12D, 500 Pearl Street, New York, New York 10007, for a final pre-trial conference on May 29, 2015 at 10:00 a.m. The parties must be trial-ready by this conference date.

Dated: September 18, 2014

                                   Respectfully submitted,

| | |
|---|---|
| Joshua I. Schiller | Elyse D. Echtman |
| Boies, Schiller & Flexner LLP | Orrick, Herrington & Sutcliffe LLP |
| 575 Lexington Avenue | 51 West 52nd Street |
| New York, NY 10007 | New York, NY 10019 |
| | |
| *Counsel for the CBS Parties* | *Counsel for the DISH Parties* |

2

SO ORDERED.

Dated: _____

                                        KEVIN N. FOX
                                        UNITED STATES MAGISTRATE JUDGE